# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA A. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   06 C 3655 |
| | ) | |
| INTERNATIONAL TRUCK AND | ) | Judge Darrah |
| ENGINE CORPORATION, and | ) | |
| JOE ASSAF, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STRIKE THE REPORT OF DR. OBOLSKY AND TO BAR DR. OBOLSKY FROM TESTIFYING AT TRIAL

NOW COMES the Plaintiff, VANESSA A. WILSON, by and through her attorneys, HOLMAN & STEFANOWICZ, LLC, and moves this Honorable Court for an Order striking the Report of Dr. Obolsky and barring Dr. Obolsky from testifying at trial. In support of her motion the Plaintiff states as follows:

1. By an Order dated December 18, 2006, this Court set a discovery cut-off date of December 3, 2007.

2. On March 27, 2008, this Court granted -- over the Plaintiff's written and oral objections -- the Defendants' Motion to Reset Trial Date and ordered discovery closed on June 25, 2008. The discovery was opened for the specific purpose of completing the following discovery **only**:

- Deposition of Paul Miller;

- Deposition of two treating physicians; and

- Disclosure and depositions of economic experts.

3. On July 3, 2008, after the second discovery closure date of June 25, 2008, and for the first time during this litigation, the Defendants disclosed Dr. Obolsky as a witness. In addition to disclosing Dr. Obolsky as a witness, the Defendants also produced an eighty-seven (87) page report entitled "Independent Medical Evaluation" of the Plaintiff, Vanessa Wilson. Apparently, Dr. Obolsky was retained by International Truck & Engine Corp. to perform forensic psychiatric psychological testing and interviews with Vanessa Wilson.

4. Pursuant to Dr. Obolsky's report, the examinations were conducted on November 26, 2007 (prior to the original discovery closure date) and January 28, 2008 (prior to Defendants' Motion to Reset the Trial Date), in connection with the Plaintiff's Workers' Compensation case against International Truck & Engine Corp.[1] The date of the report is June 5, 2008, but was not produced by the Defendants to Plaintiff's counsel until July 3, 2008 -- after the close of discovery.

5. In addition to being improperly disclosed after the close of the second discovery closure date, the Defendants' attempt to use the Workers' Compensation doctor, Dr. Obolsky's, "Independent Medical Evaluation" is an improper circumvention of Rule 35 of the Federal Rules of Civil Procedure.

6. Rule 35(a) of the Federal Rules of Civil Procedure states:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all

---

[1] The Plaintiff and Defendant have different legal counsel in connection with the Worker's Compensation Case that is currently pending in the Illinois Industrial Commission.

> parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

7. "Rule 35 requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause" . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Clearly, the Court was unable to fulfill his function mandated by Rule 35 as a result of the Defendants' improper attempt to use an examination performed in connection with a Workers' Compensation case pending in the Illinois Industrial Commission.

8. "Moreover, it seems clear that there was no compliance with Rule 35's requirement that the trial judge delineate the "conditions, and scope" of the examination." *Schlagenhauf*, 379 U.S. at 121 fn. 16. If the Defendants intended to use Dr. Obolsky's report in connection with this Federal case, they were required under Rule 35 of the Federal Rules of Civil Procedure to move this Court so that the Court could establish the "conditions and scope" of the examination. The United States Supreme Court has made it clear that "[m]ental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." *Schlagenhauf*, 379 U.S. at 121. The Defendants' improper tactics have clearly circumvented the requirements of Rule 35.

9. The Defendants' counsel, Latham & Watkins, improperly obtained and disclosed a copy of Dr. Obolsky's "Independent Medical Evaluation" report. Section 6 of the Report states:

3

> Ms. Wilson was informed of the non-confidential nature of this audio taped interview and the fact that I will be providing both verbal and written reports to Nyhan, Bambrick, Kinzie & Lowry and that I will not be able to provide any opinions to her directly. She verbalized her understanding of the non-confidential nature of the interview and agreed to proceed.

Clearly, the Plaintiff, Ms. Wilson, understood and agreed that the written report would be provided to Nyhan, Bambrick, Kinzie & Lowry -- the law firm defending the Workers' Compensation case.[2] The Plaintiff would not have agreed to the interview had she known that the written report would be provided to Latham & Watkins -- the law firm defending the case at bar. Moreover, had Plaintiff's counsel known that the Defendants intended to use Dr. Obolsky's report in connection with the case in bar, a motion would have been brought before the Court requesting full compliance with Rule 35 of the Federal Rules of Civil Procedure. Defendants' counsel -- Latham & Watkins -- was not the intended and authorized recipient of Dr. Obolsky's report. Latham & Watkins receipt and production of Dr. Obolsky's "Independent Medical Evaluation" report is a clear violation of the Plaintiff's rights under HIPAA.

10. The Plaintiff will be severely prejudiced if the Defendants are allowed to:

- Disclose Dr. Obolsky and his eighty-seven (87) page report after the second closure of discovery;

- Use Dr. Obolsky's "Independent Medical Evaluation" report that was clearly obtained in circumvention of the requirements of Rule 35 of the Federal Rules of Civil Procedure;

- Use Dr. Obolsky's report that was improperly obtained by the Defendants' counsel -- Latham & Watkins -- without the knowledge, consent and/or authorization of the Plaintiff.

---

[2] In fact, neither the Plaintiff nor her counsel in the case at bar had received a copy of Dr. Obolsky's report prior to receiving said report from Latham & Watkins on July 3, 2008.

4

WHEREFORE, the Plaintiff, Vanessa Wilson, hereby requests that the Honorable Court enter an Order striking the Report of Dr. Obolsky and barring Dr. Obolsky from testifying at trial, and for any other relief that the Court deems just and proper.

        Respectfully submitted,
        PLAINTIFF,

        s/    Brian R. Holman
        _____
        By: One of her attorneys

Brian R. Holman
Dennis H. Stefanowicz, Jr.
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(312) 258-9700