## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA A. WILSON, | ) | |
| Plaintiff, | ) | Civil Action No. 06 C 3655 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| INTERNATIONAL TRUCK AND | ) | |
| ENGINE CORPORATION and | ) | Magistrate Judge Morton Denlow |
| JOE ASSAF, | ) | |
| Defendants. | ) | |

### DR. OBOLSKY'S RESPONSE TO
### PLAINTIFF'S PETITION FOR A RULE TO SHOW CAUSE

Dr. Alexander Obolsky hereby responds to Plaintiff's January 21, 2009 Petition for a

Rule to Show Cause as follows:

### I.    INTRODUCTION

The present motion is procedurally flawed, legally incorrect, and a complete waste of

judicial resources. Plaintiff's Petition fails to inform this Court of various critical facts, such as:

(1) Dr. Obolsky filed timely objections to the subpoena at issue; (2) Plaintiff never responded to

those objections in any way; (3) Plaintiff never asked to meet and confer on those objections; (4)

Dr. Obolsky's counsel conferred with Plaintiff to set a deposition date pursuant to the subpoena;

and (5) Plaintiff never bothered to meet and confer before filing this motion. Under Federal Rule

of Civil Procedure 45, Dr. Obolsky had no obligation to produce documents after serving

objections on Plaintiff. *See* Fed. R. Civ. Pro. 45(c)(2)(B). Rather, Plaintiff's appropriate course

of action under that Rule would have been to move to compel production. *See id.*

Furthermore, If Plaintiff had met and conferred, she would have learned that Dr. Obolsky

planned to produce responsive documents the very week the motion was filed. In fact, he did

produce those documents on January 22, 2009. Given that Dr. Obolsky's deposition is not

scheduled to take place until March 5, 2009, there is no prejudice and certainly no basis for Plaintiff to file its hasty motion without even attempting to confer. Considering the misleading nature of the Petition, attorneys' fees should be awarded to Dr. Obolsky for having to respond to this baseless motion.

## II.    FACTS

1.     Dr. Obolsky is a third-party witness in the above-captioned case. Dr. Obolsky's office administered testing and then later, he examined the Plaintiff on two separate occasions -- diagnosing her as severely mentally ill. His testimony will reflect that examination and diagnosis. On November 4, 2008, this Court denied Plaintiff's motion to exclude his testimony and to exclude the Independent Medical Examination he conducted of Plaintiff.

2.     On November 25, 2008, Plaintiff served a subpoena *duces tecum* on Dr. Obolsky, which is attached to Plaintiff's Petition as Exhibit A. That subpoena included twenty-one (21) different document requests, including demands for Dr. Obolsky's personal tax returns, contact information for his accountant, and other inappropriate requests, including confidential testing data that, if produced, would place Dr. Obolsky in violation of Illinois state law. See Exhibit A to Plaintiff's Petition; Exhibit 1 hereto. Indeed, the information sought was far in excess of what would be demanded of a witness under Federal Rule of Civil Procedure 26, if Dr. Obolsky had been named as an expert witness.

3.     On November 25, 2008, counsel for Dr. Obolsky informed Plaintiff's counsel that Dr. Obolsky was not available for deposition on the subpoenaed date, and asked Plaintiff's counsel to provide alternative dates. *See* Exhibit 2. Plaintiff did not respond.

4.     On December 4, 2008, counsel for Dr. Obolsky again contacted Plaintiff's counsel and informed them that Dr. Obolsky would serve objections to the subpoena. Despite

receiving no response to the request for the availability of Plaintiff's counsel for a deposition, Dr. Obolsky offered a date on which he was available to be deposed. *See* Exhibit 3.

5.     On December 9, 2008, fourteen days after service of the subpoena, Dr. Obolsky served Plaintiff's counsel with objections to that subpoena. *See* Exhibit 1.

6.     Plaintiff's counsel did not respond to those objections and in fact, did not contact Dr. Obolsky's counsel again until nearly a month later. On January 6, 2009, Plaintiff's counsel emailed to accept the deposition date that Dr. Obolsky had offered. *See* Exhibit 4. Plaintiff's counsel did not raise any concerns about documents, nor ask when production would occur. As Plaintiff is aware, Dr. Obolsky has been out of the country since mid-December.

### III.     ARGUMENT

7.     Plaintiff's representation to this Court that Dr. Obolsky "has not produced any documents or materials in response to the Plaintiff's subpoena duces tecum" is at best passively misleading and at worst, an active deception. Dr. Obolsky served timely objections to the subpoena, in part based on the vast over-breadth of the information requested and Plaintiff's failure to offer any argument as to why such information (such as his personal tax returns and his accountant's name and address) was  relevant to any issue in this case. For Plaintiff to suggest to this Court that Dr. Obolsky just ignored the subpoena and thus should be subject to a contempt citation is simply untrue, as well as legally incorrect.

8.     Since Dr. Obolsky timely objected, and assuming Plaintiff disagreed with those objections, then under Federal Rule of Civil Procedure 45(c)(2)(B), Plaintiff should have filed a motion to compel production of those documents Dr. Obolsky had not already agreed to produce. Contempt under Rule 45 is only available when the subpoenaed person "fails without adequate excuse to obey the subpoena." *See* Fed. R. Civ. Pro. 45(e). Service of objections precludes a finding that a party has failed to obey a subpoena. *See Turner v. Atlantic Southeast Airlines,*

*Inc.*, 2008 WL 2115755 at *3 (M.D. Tenn., May 16, 2008) ("a timely objection to a subpoena duces tecum is itself an 'adequate excuse,' precluding a finding of contempt for failure to obey the subpoena") (citation omitted).

9.     Under Rule 45, a subpoenaed party who files timely objections has no obligation to take further action to produce documents until ordered to do so by the Court. *See* Fed. R. Civ. Pro. 45(c)(2)(B)(ii); *Turner*, 2008 WL 2115755 at *3 ("filing objections and waiting for a Court Order mandating compliance is plainly acceptable under the procedure set forth in Fed.R.Civ.Pro. 45"). And, of course, prior to a motion to compel, Plaintiff should have attempted to meet and confer on Dr. Obolsky's objections.

10.     Moreover, even if Dr. Obolsky had not filed objections, as Plaintiff misrepresents, sanctions generally would only follow violation of a court order. *See Continental Ins. Co. v. Atlantic Casualty Ins. Co.*, 2008 WL 3852046 at *2 (S.D.N.Y., Aug. 13, 2008) ("To impose sanctions on a non-party, however, the violation of a court order is also generally required") (collecting cases). Here, there is no court order ordering Dr. Obolsky to produce any documents. Thus, a Rule to Show Cause is inappropriate at this stage and on all grounds. *Id.*

11.     Dr. Obolsky is a third-party to this case, and as such, Plaintiff's counsel is subject to the responsibilities of Federal Rule of Civil Procedure 45, which requires Plaintiff to "avoid imposing undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. Pro. 45(c)(1). Dr. Obolsky agreed to produce certain documents, such as documents related to his examination of Plaintiff, related invoices, his curriculum vitae and professional history, and similar information. *See* Exhibit 1. Dr. Obolsky remains willing to produce those documents, and in fact has done so.

12.     Had Plaintiff bothered to contact Dr. Obolsky to discuss the objections and attempt to work out a reasonable compromise, there would have been no need to waste this Court's time.  Instead, Plaintiff chose to misrepresent Dr. Obolsky's response to the subpoena. That misrepresentation is sanctionable, and Dr. Obolsky asks this Court to award the costs and attorneys' fees incurred in responding to this Petition.  *See* 28 U.S.C. § 1927; *Mullapudi v. Mercy Hosp. and Medical Center*, 2008 WL 4087952 at *2 (N.D. Ill. Aug. 21, 2008) (Darrah, J.) (sanctions appropriate for making false representations to the Court); *Curiel v. Tact Team Commander*, 2007 WL 1531828 at *3 (N.D. Ill., May 21, 2007) ("Misrepresentations to the court could lead to the imposition of sanctions, including dismissal").

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for a Rule to Show Cause and award the attorneys' fees and costs incurred in responding to that Motion.

Date:  January 26, 2009

Respectfully Submitted,

/s/Cameron R. Krieger
Robin M. Hulshizer
Cameron R. Krieger
John R. Hayes
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Cameron.Krieger@lw.com
John.Hayes@lw.com

## CERTIFICATE OF SERVICE

I, Cameron R. Krieger, hereby certify that on January 26, 2009, I electronically filed the foregoing **DR. OBOLSKY'S RESPONSE TO PLAINTIFF'S PETITION TO SHOW CAUSE** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Brian R. Holman – brh@hs-attorneys.com
>
> Dennis H. Stefanowicz, Jr. – dhs@hs-attorneys.com
>
> Tara Beth Davis – tbd@hs-attorneys.com

on this 26th day of January, 2009.

/s/Cameron R. Krieger
Cameron R. Krieger
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VANESSA A. WILSON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 06 C 3655** |
| **v.** | ) | |
| | ) | **Judge John W. Darrah** |
| **INTERNATIONAL TRUCK AND** | ) | |
| **ENGINE CORPORATION and** | ) | **Magistrate Judge Morton Denlow** |
| **JOE ASSAF,** | ) | |
| **Defendants.** | ) | |

**EXHIBITS TO DR. OBOLSKY'S RESPONSE TO**
**PLAINTIFF'S PETITION FOR A RULE TO SHOW CAUSE**

1. December 9, 2008, Response and Objections to Plaintiff's Subpoena (Duces Tecum)

2. November 25, 2008, Email from C. Krieger to T. Davis

3. December 4, 2008, Email from C. Krieger to T. Davis

4. January 6, 2009, Email from T. Davis to C. Krieger

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA A. WILSON, | ) | |
|                Plaintiff, | ) | Civil Action No. 06 C 3655 |
|     v. | ) | |
| | ) | Judge John W. Darrah |
| INTERNATIONAL TRUCK AND | ) | |
| ENGINE CORPORATION and | ) | Magistrate Judge Morton Denlow |
| JOE ASSAF, | ) | |
|              Defendants. | ) | |

### RESPONSE AND OBJECTIONS TO PLAINTIFF'S
### SUBPOENA (DUCES TECUM)

Respondent/Third-Party Dr. Alexander Obolsky hereby objects and responds as follows to the subpoena served by plaintiff Vanessa A. Wilson ("Plaintiff") and received by Dr. Obolsky on November 25, 2008.

### GENERAL OBJECTIONS

A.      Dr. Obolsky objects to the subpoena served by Plaintiff on the grounds that said subpoena seeks information and/or material that is not relevant to the subject matter of the underlying action, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence.

B.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent that the requests for documents and/or information sought in said subpoena are overbroad, unduly burdensome, not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

C.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent that the requests for documents and/or information sought in said subpoena are vague, ambiguous and/or their meaning cannot be reasonably ascertained.

D.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent that said subpoena purports to impose duties and obligations on Dr. Obolsky in addition to or inconsistent with the Federal Rules of Civil Procedure and other applicable law.

E.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent said subpoena seeks documents and/or information already in the possession, custody and control of Plaintiff.

F.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent said subpoena seeks to require Dr. Obolsky to provide any information and/or documents beyond what is available to Dr. Obolsky at present from a reasonable search of those locations where responsive information and/or documents can reasonably be expected to be located, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

G.      Dr. Obolsky further objects to the subpoena served by Plaintiff on the grounds that said subpoena seeks information and/or documents that are privileged and not discoverable under the Illinois Mental Health and Developmental Disabilities Confidentiality Act, (the "MHDDCA"), 740 ILCS 110/3(b).

H.      Dr. Obolsky further objects to the subpoena served by Plaintiff on the grounds that said subpoena seeks documents and/or information that Dr. Obolsky is prohibited by law from producing under the MHDDCA, 740 ILCS 110/3(c).

I.      Dr. Obolsky further objects to the subpoena served by Plaintiff to the extent that service of said subpoena was made for purposes of harassment and/or for any other improper purpose.

## SPECIFIC OBJECTIONS AND RESPONSES

Dr. Obolsky incorporates each of his General Objections as and for his objections to the subpoena served by Plaintiff. Subject to and without waiving those objections, Dr. Obolsky further objects and responds to the requests set forth in Plaintiff's subpoena as follows:

### REQUEST NO. 1:

Any and all documents relating to your Independent Medical Examinations ("IME") of the Plaintiff, including, but not limited to, all handwritten notes taken before, during, or after your IMEs with the Plaintiff; all drafts of any reports, correspondence, or memorandums made by you or any of your staff in relation to the Plaintiff's IMEs; and all reports, correspondence or memorandums made by you or any of your staff in relation to the Plaintiff's IMEs.

### RESPONSE:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 1 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 1 of Plaintiff's subpoena on the following specific grounds:

To the extent that this request requires the production of Dr. Obolsky's notes, Dr. Obolsky objects on the grounds that these notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b).

To the extent that this request requires the production of psychological test material whose disclosure would compromise the objectivity or fairness of the testing process, Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

Subject to the foregoing objections, Dr. Obolsky agrees to produce, to the extent that they are not privileged, any documents that he is not prohibited by law from producing, and that are in his custody and can be reasonably identified, relating to his IMEs of Plaintiff.

3

**REQUEST NO. 2:**

Any and all documents provided to you or any of your staff by either International Truck & Engine Co. (n/k/a Navistar) or any attorneys for International Truck & Engine Co. relating to your IMEs with the Plaintiff, including but not limited to any correspondence, notes, letters, questions, memorandums, medical records, personnel files, and/or other documentation regarding the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to

Request No. 2 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 2 of

Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that the request is vague and calls for irrelevant

information.

Subject to the foregoing objections, Dr. Obolsky agrees to produce, to the extent that any

such documents exist, to the extent that they are in his custody, and to the extent that they can be

reasonably identified, any non-privileged documents provided to him or his staff by either

International Truck & Engine Co. or its attorneys relating to his IMEs with Plaintiff.

**REQUEST NO. 3:**

Any and all original recordings, audio and/or visual, taken of the Plaintiff either before, during, or after any of your IMEs with the Plaintiff, including any transcripts of any such recordings.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to

Request No. 3 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 3 of

Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the basis that copies of the recordings and transcripts have

already been produced (*see* Defendants' Trial Exhibits 61, 62, 63 and 64). Dr. Obolsky objects

to the production of the original recordings outside of his office. The original recordings are

4

available in Dr. Obolsky's offices for review should an appropriate demonstration of necessity be made.

**REQUEST NO. 4:**

Copies of any and all tests and results administered to the Plaintiff by you in connection with her IMEs, including, but not limited to, any questions given to the Plaintiff and any answers received, any data given to the Plaintiff and any responses thereto, and any raw materials used in any such tests.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 4 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 4 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

**REQUEST NO. 5:**

Any and all materials, documents and/or other tools used to grade and/or evaluate any tests given to the Plaintiff in connection with your IMEs of the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 5 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 5 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

5

**REQUEST NO. 6:**

Any and all materials, documents, and/or other tools which reflect any grades and/or evaluations the Plaintiff received on any tests administered to her in connection with your IMEs of the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 6 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 6 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that his notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). Dr. Obolsky further objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

**REQUEST NO. 7:**

Any and all other documentation not already produced regarding any tests administered to, given to, or provided to the Plaintiff in connection with any of your IMEs or other evaluations of the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 7 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 7 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that his notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). Dr. Obolsky further objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist

designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

## REQUEST NO. 8:

Any and all invoices, bills, checks, drafts, charges and/or other documentation regarding payment for your IMEs with the Plaintiff.

## RESPONSE:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 8 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 8 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Dr. Obolsky agrees to produce, to the extent that they are in his custody and to the extent that they can be reasonably identified, invoices, bills, checks, drafts, charges and/or other documentation regarding payment for his IMEs with Plaintiff.

## REQUEST NO. 9:

Any and all invoices, bills, checks, drafts, ledgers, spreadsheets, charges, and/or other documentation regarding any monies paid to you or Health & Law Resource, Inc. since January 1, 1999 by International Truck & Engine Co. or Navistar and/or any subsidiary, affiliate, and/or other company owned, in whole or part, by International Truck & Engine Co. for any IMEs, worker's compensation examinations, and/or other medical examinations performed by you or any employee, agent and/or other contractor of Health & Law Resource, Inc.

## RESPONSE:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 9 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 9 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Obolsky further objects on the grounds that this request, which seeks documents going back almost 10 years from matters having no relationship whatsoever to Plaintiff's case, is overbroad, unduly burdensome, and seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the grounds that, on information and belief, no such documents exist.

**REQUEST NO. 10:**

Any and all invoices, bills, checks, drafts, ledgers, spreadsheets, charges, and/or other documentation regarding any monies paid to you or Health & Law Resource, Inc. since January 1, 1999 by International Truck & Engine Co. or Navistar and/or any subsidiary, affiliate, and/or other company owned, in whole or part, by International Truck & Engine Co. for any expert opinions, testimony, and/or evaluations given by you or any employee, agent and/or other contractor of Health & Law Resource, Inc.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 10 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 10 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Obolsky further objects on the grounds that this request, which seeks documents going back almost 10 years from matters having no relationship whatsoever to Plaintiff's case, is overbroad, unduly burdensome, and seeks information and/or material that is not relevant to the

8

claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the grounds that, on information and belief, no such documents exist.

**REQUEST NO. 11:**

All documents which you or your staff provided to or received from any consultant, investigator, or other agent hired by Health & Law Resource, Inc. relating to your IMEs of the Plaintiff, and any report or document prepared, authored, or drafted by such consultant, investigator and/or agent relating to your IMEs of the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 11 of Plaintiff's subpoena.

Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further responds that no responsive documents exist, and thus none will be produced.

**REQUEST NO. 12:**

All information, data, tests, reports, literature, or tangible items of any type which in any way form the basis of any opinion formed or expressed by you at the time of trial.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 12 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 12 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request, particularly as to the request for "information," "reports," and "literature," is vague, overbroad and unduly burdensome. Dr. Obolsky further objects on the grounds that his notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). Dr.

9

Obolsky further objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

**REQUEST NO. 13:**

Any and all documents, reports, memoranda, correspondence, resume, or *curriculum vitae,* relating to your education, qualification, experience, licensing or privileges.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 13 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 13 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the grounds that this request is overbroad and unduly burdensome, particularly with regard to the production of "all documents, reports, memoranda, correspondence, resume, or *curriculum vitae,* relating to your education, qualification, experience, licensing or privileges."

Subject to the foregoing objections, Dr. Obolsky agrees to produce his curriculum vitae.

**REQUEST NO. 14:**

All your records, documents, ledgers, billing data, records of cash receipts, invoices, tax returns (both corporate and personal), or other writings which relate to income earned by you or Health & Law Resource, Inc. for any IMEs, opinions in any workers compensation cases or any expert testimony in any civil litigation matter for the previous five (5) years. If you are not in possession of these documents, please sign the enclosed Authorization for Release of Tax Returns and return to our offices.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 14 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 14 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dr. Obolsky further objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the grounds that this request is overbroad and unduly burdensome, to the extent that it requests "all … records … which relate to income earned by you or Health & Law Resource, Inc. for any IMEs; opinions in any workers compensation cases or any expert testimony in any civil litigation matter for the previous five (5) years."

**REQUEST NO. 15:**

Copies of any of your deposition transcripts, trial transcripts, and/or any sworn statements of testimony given by you in any workers compensation case or other civil litigation matter or any opinions given by you in any employment discrimination case during the previous five (5) years.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 15 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 15 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the

11

grounds that he does not have possession of or control over copies of deposition transcripts, trial transcripts, and/or any sworn statements of testimony given by him in workers compensation cases or other civil litigation matters that may have occurred in the past.

**REQUEST NO. 16:**

For each case in which you have been retained by any member of the law firm of Latham & Watkins as a trial expert, please produce the following:

(1)     A copy of all Complaints and amended Complaints;

(2)     A copy of all reports prepared by the witness(es);

(3)     A copy of all deposition transcripts or trial transcripts of the testimony of the witness(es); and

(4)     A copy of all bills submitted by and payments made to the witness(es).

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 16 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 16 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further responds that no such documents exist.

**REQUEST NO. 17:**

Copies of all texts, articles, writings, charts, records, diagrams, photographs or other source material whether published or unpublished, considered by you as the basis for his opinions in this case.

**RESPONSE**:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 17 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 17 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request is vague, overbroad, and unduly burdensome. Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this request requires the production of Dr. Obolsky's notes, Dr. Obolsky objects on the grounds that these notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). To the extent that this request requires the production of psychological test material whose disclosure would compromise the objectivity or fairness of the testing process, Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

**REQUEST NO. 18:**

Any and all other documentation, which has not been previously disclosed or produced, which discuss, state, and/or otherwise describe your findings, diagnoses, conclusions, and/or results of any tests relating to Plaintiff.

**RESPONSE**:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 18 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 18 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that the request is vague, overbroad, unduly burdensome, and duplicative of other requests. To the extent that this request requires the production of Dr. Obolsky's notes, Dr. Obolsky objects on the grounds that these notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). To the extent that this request requires the production of psychological test material whose disclosure would compromise the objectivity or fairness of the testing process, Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

**REQUEST NO. 19:**

Any and all other documentation, which has not been previously disclosed or produced regarding any data, facts, principles, and/or methods which you relied upon and/or utilized in arriving at your findings, diagnoses, conclusions, and/or results of any tests relating to the Plaintiff.

**RESPONSE:**

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 19 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 19 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that the request is vague, overbroad, unduly burdensome, and duplicative of other requests. To the extent that this request requires the production of Dr. Obolsky's notes, Dr. Obolsky objects on the grounds that these notes are his work product and personal property not subject to discovery in any judicial proceeding as provided for in 740 ILCS 110/3(b). To the extent that this request requires the production of psychological test material whose disclosure would compromise the objectivity or fairness of the

testing process, Dr. Obolsky objects on the grounds that he is prohibited by law from disclosing such materials to anyone, including the subject of the test, other than to a psychologist designated by the subject of such a test, and then only when requested under the procedures detailed in 740 ILCS 110/5. *See* 740 ILCS 110/3(c).

## REQUEST NO. 20:

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(v), provide a list of all other cases in which you testified as an expert at trial or by deposition for the previous four (4) years.

## RESPONSE:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 20 of Plaintiff's subpoena.

Dr. Obolsky objects on the grounds that, as a third party fact witness testifying as to his independent medical examination of Plaintiff, such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and furthermore Federal Rule of Civil Procedure 26(a)(2)(B)(v) does not apply to him. Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects on the grounds that this request is in the form of an interrogatory seeking information, not documents, and thus is not the proper subject of a subpoena duces tecum to a third party.

## REQUEST NO. 21:

Provide the name and address of your and Health & Law Resource, Inc. accountant(s).

**RESPONSE**:

Dr. Obolsky incorporates his General Objections by reference as and for his objections to Request No. 21 of Plaintiff's subpoena. Dr. Obolsky further objects to Request No. 21 of Plaintiff's subpoena on the following specific grounds:

Dr. Obolsky objects on the grounds that this request seeks information and/or material that is not relevant to the claim or defense of any party, not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Obolsky further objects to this request on the grounds that it is in the form of an interrogatory seeking information, not documents, and thus is not the proper subject of a subpoena duces tecum to a third party.

Dated: December 9, 2008

Respectfully submitted,

Robin M. Hulshizer
    Robin.hulshizer@lw.com
Cameron R. Krieger
    cameron.krieger@lw.com
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

16

# EXHIBIT 2

**Krieger, Cameron (CH)**

| | |
|---|---|
| **From:** | Krieger, Cameron (CH) |
| **Sent:** | Tuesday, November 25, 2008 4:38 PM |
| **To:** | 'Tara Beth Davis' |
| **Cc:** | 'brh@hs-attorneys.com'; Hulshizer, Robin (CH); Hayes, John (CH); Buettner, Thomas (CH) |
| **Subject:** | Wilson v. ITEC - Service of Subpoenas |

Tara,

I have been informed that your office has served subpoenas on Dr. Obolsky's office, again without providing the notice required under FRCP 45(b)(1). We still have not been served with copies of the subpoenas. I ask again whether there are other third-party subpoenas that your office has issued that we have not been served. You also recently refused to provide the necessary release for a subpoena of additional medical records from Rosalind Schmutte, on the basis that discovery was closed. We will not object to a pre-trial deposition of Dr. Obolsky, as we've previously represented, but given the long delay before trial, would hope such issues could be worked out cooperatively in both directions.

I understand that Dr. Obolsky cannot attend the deposition on the date you selected. Please provide me with additional dates in January and I will check his availability.

Thanks,
Cameron

**Cameron R. Krieger**

**LATHAM & WATKINS** LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Direct Dial: +1.312.876.7612
Fax: +1.312.993.9767
Email: cameron.krieger@lw.com
http://www.lw.com

# EXHIBIT 3

## Krieger, Cameron (CH)

| | |
|---|---|
| **From:** | Krieger, Cameron (CH) |
| **Sent:** | Thursday, December 04, 2008 4:44 PM |
| **To:** | 'Tara Beth Davis' |
| **Cc:** | Hulshizer, Robin (CH); Brost, Jason (CH); Buettner, Thomas (CH) |
| **Subject:** | RE: Wilson v. ITEC - Service of Subpoenas |

Tara,

I admit I am confused about the method of service of these subpoenas (setting aside the fact that, as a party, we were not given the notice required by Rule 45 prior to service). The certificate of service attached to the subpoenas states that they were "served" by certified mail on November 23, 2008. I don't see how this is possible for a number of reasons: November 23 was a Sunday, first of all. Second, it's not clear how you can certify service by certified mail without proof of same via a return receipt; the subpoenas were not actually received by Dr. Obolsky until November 25, as I understand it. This is all to say that it is difficult to calculate when objections would be due, as the date on the certificate of service is incorrect. We plan to file our objections on December 9, 2008, fourteen days after the subpoenas were actually received at his office. I am simply forestalling an argument that we have waived objections by not accepting the claimed service date of Sunday, November 23.

Although you have not provided me with any alternative dates for his deposition, I went ahead and spoke with his office about his availability. His January and February are already booked. His first available date for deposition is March 5. Please confirm whether this date will work for you.

Thanks,
Cameron

---

**From:** Tara Beth Davis [mailto:tbd@hs-attorneys.com]
**Sent:** Tuesday, November 25, 2008 4:59 PM
**To:** Krieger, Cameron (CH)
**Subject:** RE: Wilson v. ITEC - Service of Subpoenas

Cameron:

I sent you copies of the subpoenas we served upon Dr. Obolsky.

Regards,

Tara Beth

Tara Beth Davis
Attorney at Law
HOLMAN & STEFANOWICZ, LLC
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(p) (312) 258-9700 ext. 224
(f) (312) 258-9702

**From:** Cameron.Krieger@lw.com [mailto:Cameron.Krieger@lw.com]
**Sent:** Tuesday, November 25, 2008 4:38 PM
**To:** tbd@hs-attorneys.com
**Cc:** brh@hs-attorneys.com; ROBIN.HULSHIZER@lw.com; John.Hayes@lw.com; Thomas.Buettner@lw.com
**Subject:** Wilson v. ITEC - Service of Subpoenas

Tara,

I have been informed that your office has served subpoenas on Dr. Obolsky's office, again without providing the notice required under FRCP 45(b)(1). We still have not been served with copies of the subpoenas. I ask again whether there are other third-party subpoenas that your office has issued that we have not been served. You also recently refused to provide the necessary release for a subpoena of additional medical records from Rosalind Schmutte, on the basis that discovery was closed. We will not object to a pre-trial deposition of Dr. Obolsky, as we've previously represented, but given the long delay before trial, would hope such issues could be worked out cooperatively in both directions.

I understand that Dr. Obolsky cannot attend the deposition on the date you selected. Please provide me with additional dates in January and I will check his availability.

Thanks,
Cameron

**Cameron R. Krieger**

**LATHAM & WATKINS** LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Direct Dial: +1.312.876.7612
Fax: +1.312.993.9767
Email: cameron.krieger@lw.com
http://www.lw.com


*********************************************************************
To comply with IRS regulations, we advise you that any discussion of Federal tax iss

For more information please go to http://www.lw.com/docs/irs.pdf
*********************************************************************

This email may contain material that is confidential, privileged and/or attorney wor

Latham & Watkins LLP

# EXHIBIT 4

Wilson v. ITEC - Service of Subpoenas
Case: 1:06-cv-03055 Document #: 112 Filed: 01/26/09 Page 31 of 33 PageID #:1249
Page 1 of 3

## Roberts, Jessica (CH)

| | |
|---|---|
| **From:** | Krieger, Cameron (CH) |
| **Sent:** | Monday, January 26, 2009 10:48 AM |
| **To:** | Roberts, Jessica (CH) |
| **Subject:** | FW: Wilson v. ITEC - Service of Subpoenas |

---

**From:** Tara Beth Davis [mailto:tbd@hs-attorneys.com]
**Sent:** Tuesday, January 06, 2009 3:47 PM
**To:** Krieger, Cameron (CH)
**Subject:** RE: Wilson v. ITEC - Service of Subpoenas

Dear Cameron:

We will proceed with Dr. Obolsky's deposition on March 5, 2009.  I will send him a new subpoena with said date.

Regards,

Tara Beth

Tara Beth Davis
Attorney at Law
HOLMAN & STEFANOWICZ, LLC
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(p)  (312) 258-9700 ext. 224
(f)   (312) 258-9702

**From:** Cameron.Krieger@lw.com [mailto:Cameron.Krieger@lw.com]
**Sent:** Wednesday, December 17, 2008 9:53 AM
**To:** Cameron.Krieger@lw.com; tbd@hs-attorneys.com
**Cc:** ROBIN.HULSHIZER@lw.com; Jason.Brost@lw.com; Thomas.Buettner@lw.com
**Subject:** RE: Wilson v. ITEC - Service of Subpoenas

Tara,

I haven't heard back from you on the date of Dr. Obolsky's deposition.  I suggest we settle that as soon as possible, as he is out of the country for six weeks between now and trial and his schedule is very already very full.  Please let me know so that we can get the date on the calendar.

Thanks,
Cameron

---

**From:** Krieger, Cameron (CH)
**Sent:** Thursday, December 04, 2008 4:44 PM
**To:** 'Tara Beth Davis'
**Cc:** Hulshizer, Robin (CH); Brost, Jason (CH); Buettner, Thomas (CH)
**Subject:** RE: Wilson v. ITEC - Service of Subpoenas

Tara,

I admit I am confused about the method of service of these subpoenas (setting aside the fact that, as a party, we were not given the notice required by Rule 45 prior to service).  The certificate of service attached to the subpoenas states that they were "served" by certified mail on November 23, 2008.  I don't see how this is possible for a number of reasons: November 23 was a Sunday, first of all.  Second, it's not clear how you can certify

service by certified mail without proof of same via a return receipt; the subpoenas were not actually received by Dr. Obolsky until November 25, as I understand it. This is all to say that it is difficult to calculate when objections would be due, as the date on the certificate of service is incorrect. We plan to file our objections on December 9, 2008, fourteen days after the subpoenas were actually received at his office. I am simply forestalling an argument that we have waived objections by not accepting the claimed service date of Sunday, November 23.

Although you have not provided me with any alternative dates for his deposition, I went ahead and spoke with his office about his availability. His January and February are already booked. His first available date for deposition is March 5. Please confirm whether this date will work for you.

Thanks,
Cameron

---

**From:** Tara Beth Davis [mailto:tbd@hs-attorneys.com]
**Sent:** Tuesday, November 25, 2008 4:59 PM
**To:** Krieger, Cameron (CH)
**Subject:** RE: Wilson v. ITEC - Service of Subpoenas

Cameron:

I sent you copies of the subpoenas we served upon Dr. Oblosky.

Regards,

Tara Beth

Tara Beth Davis
Attorney at Law
HOLMAN & STEFANOWICZ, LLC
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(p)  (312) 258-9700 ext. 224
(f)   (312) 258-9702

---

**From:** Cameron.Krieger@lw.com [mailto:Cameron.Krieger@lw.com]
**Sent:** Tuesday, November 25, 2008 4:38 PM
**To:** tbd@hs-attorneys.com
**Cc:** brh@hs-attorneys.com; ROBIN.HULSHIZER@lw.com; John.Hayes@lw.com; Thomas.Buettner@lw.com
**Subject:** Wilson v. ITEC - Service of Subpoenas

Tara,

I have been informed that your office has served subpoenas on Dr. Obolsky's office, again without providing the notice required under FRCP 45(b)(1). We still have not been served with copies of the subpoenas. I ask again whether there are other third-party subpoenas that your office has issued that we have not been served. You also recently refused to provide the necessary release for a subpoena of additional medical records from Rosalind Schmutte, on the basis that discovery was closed. We will not object to a pre-trial deposition of Dr. Obolsky, as we've previously represented, but given the long delay before trial, would hope such issues could be worked out cooperatively in both directions.

I understand that Dr. Obolsky cannot attend the deposition on the date you selected. Please provide me with additional dates in January and I will check his availability.

Thanks,
Cameron

**Cameron R. Krieger**

**LATHAM & WATKINS** LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Direct Dial: +1.312.876.7612
Fax: +1.312.993.9767
Email: cameron.krieger@lw.com
http://www.lw.com


****************************************************************************
To comply with IRS regulations, we advise you that any discussion of Federal tax iss

For more information please go to  http://www.lw.com/docs/irs.pdf
****************************************************************************

This email may contain material that is confidential, privileged and/or attorney wor

Latham & Watkins LLP

1/26/2009